MATTER OF KIM

In Section 248 Proceedings

A-14300128

*Decided by Regional Commissioner June 6, 1968*

Since section 248 of the Immigration and Nationality Act, as amended, precludes a direct change of nonimmigrant classification from that of exchange visitor to that of student, application for change of nonimmigrant classification under section 101(a)(15)(A)(ii) to that of student under section 101(a)(15)(F)(i) of the Act is denied an alien who was originally admitted as an exchange visitor under section 101(a)(15)(J) of the Act, because such change would be an indirect change from exchange visitor to student.

The application was denied by the District Director at Baltimore, Maryland, on April 19, 1968, and is now considered on appeal.

The applicant is a 27-year-old native and citizen of Korea. He entered the United States on August 23, 1965, as an exchange visitor under section 101(a)(15)(J) of the Immigration and Nationality Act, as amended. He participated in Exchange Visitor Program G-I-I at the University of Maryland. The program is described as follows:

A program of the United States Department of State, Bureau of Educational and Cultural Affairs, to provide courses of study in American colleges and universities for qualified foreign students receiving grants from the Department, to promote the general interests of International Exchange.

He was responsible for his own expenses while in the United States but was the recipient of a United States Government travel grant.

On July 18, 1967, the Embassy of the Republic of Korea notified the Department of State that Mr. Kim had been employed by the embassy as an administrative assistant and requested a change of status for him. Accordingly, his nonimmigrant status was changed on July 28, 1967, from Class J-1 to Class A-2. Mr. Kim continued his studies at the University of Maryland that summer by attending night classes and worked at the embassy

during the daytime. When fall classes started, he changed and worked evenings at the embassy and attended classes during the day.

He terminated his employment at the embassy and, on March 8, 1968, submitted an application for change of nonimmigrant status from Class A–2, foreign government employee, to Class F–1, full time student. A cousin who resides in the United States has agreed in an affidavit dated March 6, 1968, to support him while he is in the United States. This is the application now under consideration and which the District Director has denied for the reason that section 248 of the Immigration and Nationality Act, as amended, does not permit a change of nonimmigrant classification from Class J–1 to Class F–1. Section 248 of the Act reads as follows:

The Attorney General may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status, except an alien classified as a nonimmigrant under paragraph (15) (D) of section 101 (a), or an alien classified as a nonimmigrant under paragraph (15) (C) of (J) of section 101 (a) unless he applies to have his classification changed from classification under paragraph (15) (C) or (J) to a classification under paragraph (15) (A) or (15) (G) of section 101 (a).

The wording of section 248 is permissive in that it states that with certain exceptions, the nonimmigrant classification of an alien in the United States "may" be changed. The exceptions preclude granting a change from a J classification to an F classification. The application here is for a change from Class A–2 to Class F–1 which is not forbidden by the statute. However, the applicant entered the United States in Class J–1 and after a change to Class A–2 and, without leaving the United States, he seeks another change to Class F–1. This is clearly changing indirectly from a J classification to an F classification. The applicant in his appeal states that he is not trying to circumvent the law and the record indicates that he is a bona fide student. The decision required is whether the permissive authority of section 248 should be exercised so as to grant this indirect change of nonimmigrant classification where direct change is forbidden by the statute. Specifically, we have here the case of a participant in an exchange visitor program. Such programs have definite objectives. Some have limitations as to the length of time participation is permitted. All contemplate that the participant will go to a foreign country on completion of the program. To permit an indirect change from a J classification to an F classification would tend to

defeat these restrictions. It was held in the *Matter of Encarnado*, 10 I. & N. Dec. 620, that a change of nonimmigrant classification from temporary visitor to student in the case of an alien who had recently participated in an exchange visitor program would defeat the intent and purpose of the Mutual Educational and Cultural Exchange Act of 1961.

Upon consideration of the facts here it is concluded that this alien who came to the United States as the beneficiary of an exchange visitor program should be held to the requirements of the program notwithstanding that he may have incidentally and temporarily had the classification of a foreign government employee. The decision of the District Director will, therefore, be affirmed.

This decision does not preclude a return of the applicant to J–1 classification and extension of the time he is permitted to remain in the United States if necessary to complete the objective of his exchange visitor program.

**ORDER:** The decision of the District Director at Baltimore, Maryland, is affirmed and the appeal of the applicant is hereby dismissed.